UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

PAUL JONES,

Plaintiff,

v.

DIVERSIFIED CONSULTANTS, INC.,

Defendant.

CIVIL ACTION NO. 1:13-cv-11277-GAO

## OPPOSITION OF DEFENDANT DIVERSIFIED CONSULTANTS, INC. TO PLAINTIFF PAUL JONES' NOTICE OF MOTION TO CONSOLIDATE AND MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

The defendant, Diversified Consultants, Inc. ("DCI"), hereby opposes the Plaintiff's Motion to Consolidate and Motion for Leave to File Amended Complaint.[1] As grounds for this Opposition, DCI states as follows:

1. The *pro se* Plaintiff claims that DCI violated various provisions of the Telephone Consumer Protection Act ("TCPA"), Massachusetts Wiretapping Statute, Chapter 93A, and the Fair Debt Collection Practices Act ("FDCPA").

2. "[W]hile motions to amend are liberally granted, see *Johnston v. Holiday Inns, Inc.*, 595 F.2d 890, 896 (1st Cir.1979), a court has the discretion to deny them if it believes that, as a matter of law, amendment would be futile. See *Jackson v. Salon*, 614 F.2d 15, 17 (1st Cir.1980); *Crews v. Memorex Corp.*, 588 F.Supp. 27, 28 (D.Mass.1984); 6 C. Wright & A. Miller, *Federal Practice and Procedure: Civil* § 1487 at 432-33 (1971).

---

[1] DCI incorporates by reference as fully set forth herein the arguments set forth in the Oppositions to the Plaintiff's Notice of Motion to Consolidate and Motion for Leave to File Amended Complaint of Client Services, Inc., FMA Alliance, Ltd. and any other party.

3.  DCI has moved for summary judgment. As set forth in that motion (which DCI incorporates here), DCI is entitled to summary judgment as to all of the Plaintiff's claims against it, including those proposed in the contemplated First Amended Complaint. Accordingly, filing of the Plaintiff's proposed First Amended Complaint is futile.

4.  The Plaintiffs' Motion to Consolidate should also be denied. The cases that the Plaintiff proposes to consolidate -- *Jones v. GC Services Limited Partnership*, No. 1:13-cv-11281-FDS; *Jones v. Central Portfolio Control, Inc.*, No. 1-:13-11325-DPW; *Jones v. Client Services, Inc.*, No. 1:13-11274-NMG; *Jones v. Diversified Consultants, Inc.*, 1:13-cv-11277-GAO; *Jones v. Financial Recovery Services, Inc.*, 1:13-cv-11309-RWZ and *Jones v. FMA Alliance Ltd.*, 1:13-cv-11286-JLT -- involve six different collection-agency defendants working on different accounts for different clients. The Plaintiff has alleged different facts and asserted different claims arising from different matters in those cases. The cases are entirely dissimilar. Their only common thread is the Plaintiff himself -- a frequent filer of suits under strict-liability statutes that govern relations with debtors.

5.  Consolidating these cases would impose an undue burden on the defendants. Discovery would be complicated and cumbersome. These cases are at different stages, which will create scheduling problems. Moreover, each defendant would need to attend each other's depositions in order to protect its ability to cross-examine the Plaintiff should he testify about a different defendant than the one being deposed. A consolidated jury trial would be a nightmare to organize, manage, and follow. The risk of jury confusion and unfair prejudice to the defendants would be serious.

6. No offsetting efficiencies would be created by consolidation. Artificially linking a collection of unrelated cases against disparate parties will only increase complexity, not reduce it.

7. Keeping the foregoing cases separate will not disadvantage the Plaintiff. Regardless of whether the cases are consolidated, the Plaintiff will need to appear for all depositions, trial testimony, and motion hearings. Consolidation of these cases will not obviate the need for any of these events, reduce the amount of time they will take, or the amount of time that the Plaintiff will need to commit to prosecute his claims.

8. Consolidation will also impose an undue burden on the Court. It would require a single judge to become familiar with the nuances of each of the Plaintiff's claims and create significant case-management issues. This is never desirable, but it would be particularly problematic here, as the Plaintiff has no counsel.

For the foregoing reasons, the defendant, Diversified Consultants, Inc., requests that this Court deny the Plaintiff's Motion to Consolidate and Motion for Leave to Amend Complaint.

DIVERSIFIED CONSULTANTS, INC.

By its attorneys,

/s/ Alan K. Tannenwald
John J. O'Connor
BBO #555251
Alan K. Tannenwald
BBO #672375
PEABODY & ARNOLD LLP
Federal Reserve Plaza
600 Atlantic Avenue
Boston, MA 02210-2261
Telephone: (617) 951-2100
joconnor@peabodyarnold.com
atannenwald@peabodyarnold.com

DATED: July 2, 2013

# CERTIFICATE OF SERVICE

I, Alan K. Tannenwald, do hereby certify, that I have, this 2nd day of July, 2013, served the foregoing above document, by causing a copy thereof to be sent electronically to the registered participants in this case, if any, as identified on the Notice of Electronic Filing (NEF) and to be served by First Class Mail Postage Prepaid to the following counsel of record:

Paul Jones
572 Park Street
Stoughton, MA 02072

/s/ Alan K. Tannenwald

798832_1
15874-97276