UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

PAUL JONES,

           Plaintiff,

v.

DIVERSIFIED CONSULTANTS, INC.,

           Defendant.

CIVIL ACTION NO.   1:13-cv-11277-GAO

## MOTION OF DIVERSIFIED CONSULTANTS, INC. FOR ORDER ENFORCING SETTLEMENT AGREEMENT

### INTRODUCTION

The defendant Diversified Consultants, Inc. ("DCI") moves for an order enforcing the express settlement agreement it has entered into with the plaintiff Paul Jones.  After agreeing to settle, Jones reneged and refused to perform.  The agreement is complete and should be fully enforced in accordance with its terms.

### RELEVANT UNDISPUTED BACKGROUND

1.  This suit has been pending in this Court since May 28, 2013.

2.  In December 2013 and again in March 2014, the Massachusetts Department of Revenue ("DOR") served on DCI Notices of Levy relating to unpaid taxes owed to the DOR by the Plaintiff Paul Jones.  (O'Connor Aff. ¶¶ 2-3, Exs. A and B)[1]

3.  In an April 3, 2014 email, DCI through counsel offered to settle the plaintiff's claims for $4,000.  In pertinent part, defense counsel's email reads as follows:

> My client will pay a maximum of $4,000, subject to agreement on release terms and a judgment of dismissal with prejudice.

---

[1] All citations are to the accompanying Affidavit of John J. O'Connor.

* * * * * * *

> Also, I must remind you that this is the matter as to
> which I have been notified by the Massachusetts DOR of
> its outstanding levy/lien rights.  Accordingly, in the
> event of any agreement to make payment to you in this
> case, I will notify the DOR in advance and honor its
> levy/lien in connection with any settlement payment.
> The offer above is subject to the DOR claim . . . .

(O'Connor Aff. ¶ 4, Ex. C)

4.   The same day, the plaintiff responded with an email in which he accepted the offer.

The plaintiff's email provided in pertinent part:

> Thank you for your timely response. I hereby inform you
> that I will take your settlement offer.  I am clearly aware of
> the DOR lien and have no problem with it so let [sic] draw
> up a settlement agreement and I will be in touch with DOR
> to let them know of the check as well as well as any
> questions please feel free to email me . . . .

(O'Connor Aff. ¶ 4, Ex. C)

5.   Following this exchange, counsel for DCI on April 4 sent a draft release to the

plaintiff.  (O'Connor Aff. ¶¶ 4-5, Exs. C-D) The plaintiff reviewed the draft and in responsive

emails raised three objections: that the release provided for payment directly to the DOR; that the

release also covered affiliates of DCI; and that the release in the Plaintiff's opinion did not make

clear that it applied only to claims predating the release.  (O'Connor Aff. ¶ 4, Ex. C)

6.   In response, counsel for DCI revised the release to delete the affiliate reference that

the plaintiff objected to and to add language clarifying still further that the release covered only

claims predating the date of the release.  Defense counsel did not delete the DOR-payment

provision, because the plaintiff had agreed to it in his April 3 email, and because it is required by

law.  (O'Connor Aff. ¶¶ 2-3, 7, Exs. A-B)  On April 7, defense counsel emailed the revised

release and a copy of the DOR's most recent Notice of Levy to the plaintiff.  (O'Connor Aff. ¶¶ 4, 6, <u>Exs. C, E</u>)

7.   Thereafter, the Plaintiff sent defense counsel emails saying that in essence that he would not sign a release that provided for payment to the DOR.  (O'Connor Aff. ¶ 4, <u>Ex. C</u>)

8.   Since then, the Plaintiff has refused to honor his agreement and refused to execute the revised release.  (O'Connor Aff. ¶¶ 4, 6, <u>Exs. C, E</u>)

9.   The DOR's position is that the plaintiff/DCI are obligated by law to pay the agreed settlement proceeds directly to the DOR. (O'Connor Aff. ¶ 7)

<u>ARGUMENT</u>

I.   IT IS WELL WITHIN THIS COURT'S AUTHORITY TO ENFORCE THE PARTIES' SETTLEMENT AGREEMENT.

This Court has broad authority to enforce settlement agreements.  <u>E.g.</u>, <u>In re Mal DeMer Fisheries, Inc.</u>, 884 F. Supp. 635, 637 (D. Mass. 1995); <u>Hadwari v. Keystone Shipping Co.</u>, 762 F. Supp. 426, 428 (D. Mass. 1991).  <u>See generally Peters v. Wallach</u>, 366 Mass. 622, 626-628 (1975); <u>Correia v. Desimone</u>, 34 Mass. App. Ct. 601, 602-605 (1993); <u>Strand v. Hubbard</u>, 27 Mass. App. Ct. 684, 687-688 (1989). This authority stems in part from the strong policy in favor of settlements as an alternative to litigation.  <u>E.g.</u>, <u>United States v. Cannons Engineering Corp.</u>, 899 F. 2d 79, 84 (1st Cir. 1990); <u>Mathewson Corp. v. Allied Marine Industries, Inc.</u>, 827 F. 2d 850, 853 (1st Cir. 1987).  "[W]hen parties voluntarily enter into a settlement agreement, it cannot be repudiated by either party, and the court will summarily enforce [it]."  <u>In re Mal DeMer Fisheries, Inc.</u>, 884 F. Supp. at 637.

<u>THE EXPRESS AGREEMENT HERE SHOULD BE ENFORCED.</u>

The Court should enforce the parties' express settlement agreement for the following reasons.

1.   As the email communications confirm, all the essentials of an enforceable contract are present here, including offer, acceptance, consideration, and definite terms.  There is

express agreement and a meeting of the minds as to all essential terms.  There is agreement on the settlement amount, on the priority of the DOR's lien/levy, and on all release terms.  Full consideration supports the release -- the plaintiff receives the benefit of $4,000; in turn DCI receives a general release and dismissal of a pending suit with prejudice.

2.      The plaintiff has refused to perform without excuse or justification.  He has no basis on which to object to payment of the proceeds by DCI to DOR.  He <u>knew</u> that DCI intended to pay any settlement proceeds to DOR, and he <u>agreed</u> to that arrangement in writing on April 3.  (O'Connor Aff. ¶ 4, <u>Ex. C</u> ["I hereby inform you that I will take your settlement offer.  I am clearly aware of the DOR lien and have no problem with it. . . ."])  Having entered into that agreement, he cannot now change his mind, demand new terms, and require that DCI ignore the DOR's notice, the parties' express deal, and the law.  Significantly, neither the plaintiff <u>nor</u> DCI is free to ignore the DOR's Notice of Levy, which is a binding legal notice with the force of law.  <u>See</u> O'Connor Aff. ¶¶ 2-3, 7, <u>Exs. A-B</u>; <u>see also</u> G.L. c. 62C §§ 53(a), 53(d), and 55A(a).  The plaintiff is bound by his promise and by state law to perform and provide a general release and a stipulation of dismissal with prejudice, and DCI is bound to pay the settlement proceeds to the DOR.

3.      In sum, the parties voluntarily entered into an integrated and enforceable Settlement Agreement consisting of clear terms and supported by consideration.  DCI stands ready to perform in full in compliance with its agreement.  The agreement should be enforced, and the plaintiff ordered to execute the agreed release and stipulation of dismissal with prejudice.

<u>CONCLUSION</u>

For all of the foregoing reasons, the Motion of Diversified Consultants for Order Enforcing Settlement Agreement should be granted, and the plaintiff ordered forthwith to perform his agreed obligations.

DIVERSIFIED CONSULTANTS, INC.

By its attorneys,

Dated: April 15, 2014

/s/ John J. O'Connor
John J. O'Connor
BBO #555251
PEABODY & ARNOLD LLP
Federal Reserve Plaza
600 Atlantic Avenue
Boston, MA  02210-2261
Telephone: (617) 951-2100
joconnor@peabodyarnold.com

Local Rule 7.1 Certification

I, John J. O'Connor, certify that I have communicated with the plaintiff in compliance with Local Rule 7.1.

/s/ John J O'Connor
John J. O'Connor

CERTIFICATE OF SERVICE

I, John J. O'Connor, do hereby certify, that I have, this 15th day of April, 2014, served the foregoing above document, by causing a copy thereof to be sent electronically to the registered participants in this case, if any, as identified on the Notice of Electronic Filing (NEF) and to be served by First Class Mail Postage Prepaid to the following counsel of record:

Paul Jones
572 Park Street
Stoughton, MA  02072

/s/ John J O'Connor
John J. O'Connor

819488_1
15874-97276